Frank J. Picariello, J.
Action against the defendant title company with respect to an abstract of title dated February 21, *718 1964 predicated on a discovery made on April 15, 1964 that a judgment against the subject premises had not been disclosed. The judgment had been docketed as a lien against the subject premises on December 31, 1963.
The following salient facts are not in dispute: . , ,
It appears that on or about February 10,1964 plaintiff ordered an abstract of title for the purpose of foreclosing, a mortgage he held and owned on the subject premises. ' The report of search delivered to the plaintiff dated February 21, 1964 omitted the afore-mentioned judgment. Thereafter and on March .2, 1964 plaintiff accepted a deed from the owner-mortgagor in lieu of foreclosure. On March 21, 1964 plaintiff and a third party entered into an agreement in writing for the sale and purchase of the subject premises. Title closing was therein set for April 30, 1964. An “ exception sheet ” furnished to the plaintiff by purchaser’s title company dated April 15, 1964 disclosed the existence of the afore-mentioned judgment lien against the property.. Plaintiff personally notified defendant of same on or before April 20,1964. By reason of the disclosed judgment, title closing to the subject premises was deferred to May 18, 1964 at which time purchaser’s attorney held in escrow a sufficient portion of the purchase price to satisfy the judgment. The same was satisfied on May 20, 1964 by payment to the judgment creditor of the sum of $1,763, the sum now sought to be recovered by the plaintiff from the defendant.
Plaintiff’s complaint comprises two causes of action: the first for breach of contract and the second for tort arising out of the said contract. At trial plaintiff elected to pursue his remedy on the second cause of action.
Defendant’s- resistance to the plaintiff’s claim is predicated primarily on the fact that a foreclosure proceeding would have extinguished the lien of the judgment. "The failure to institute such a proceeding coupled with plaintiff’s acceptance of a deed in lieu of foreclosure, urges the defendant, constituted contributory negligence on the part of the plaintiff which caused his damages. It should be borne in mind that at the time the existence of the judgment was disclosed, viz., April 15,1964, plaintiff had already accepted the deed in lieu of foreclosure and was contractually, obligated to convey title to the property on April 30,1964.
Moreover, the report of search had revealed no interests or liens junior or inferior to plaintiff’s mortgage. Since under the circumstances the contemplated foreclosure if instituted before April 15, 1964 would have served no purpose other than to extinguish the property owner’s equity of redemption, can it be *719 successfully contended that the plaintiff was eontributorily negligent when it then accepted a bargain and sale deed in lieu of foreclosure ? The court thinks not.
With respect to defendant’s defense that plaintiff’s failure to exact an affidavit of title or an affidavit of solvency from the mortgagor-owner of the property at the time it accepted a deed in lieu of foreclosure constituted contributory negligence on its part so as to preclude recovery herein, the court is of the opinion that such affidavits, had they been exacted, would not have been available to the defendant as against the mortgagor-owner of the property. Affidavits of this nature are personal and are executed for the purpose of inducing the other party to the transaction to consummate the same; the defendant was not a party thereto.
Defendant further contends that notwithstanding such contractual obligation to convey title to the subject property on April 30, 1964 plaintiff should have instituted foreclosure proceedings in order to mitigate defendant’s damages or perhaps in avoidance thereof. It is the court’s opinion that under the circumstances of this case plaintiff was not legally obligated to institute litigation in order to mitigate defendant’s damages and thereby jeopardize any advantages that enured to his benefit as a result of the agreement to convey title. A further delay in title closing might have subjected the plaintiff to an action for specific performance to convey title to the property under the terms of the agreement. Further, and with respect thereto, and in mitigation of defendant’s damages, the defendant urges that plaintiff should have taken the judgment by assignment, in which event it could have been subrogated to the plaintiff’s rights thereunder against the mortgagor-owner. However, plaintiff was contractually obligated to convoy title to the premises free and clear of this incumbrance, and an assignment of the judgment would not have served to satisfy the same on the record thereby placing the plaintiff in default of his contractual obligation to the purchaser.
Defendant also urges that since the subject abstract was ordered for foreclosure purposes, plaintiff’s damages were not proximately caused by its admitted misfeasance under the circumstances of this case, and consequently it disclaims liability therefor.
Legal or proximate cause is always dependent upon the facts of a particular case. For that reason the words are beyond description or conclusive explanation.
Were the damages sustained by the plaintiff reasonably to have been anticipated from the defendant’s misfeasance under *720 the circumstances of this case? Were they foreseeable so that the likelihood of their occurrence constituted a determining factor in casting the defendant in liability? Were the consequences normal, and neither extraordinary nor surprising, in the light of ordinary experiences under the circumstances of this case? These are some of the questions whose answers will assist in determining defendant’s liability for plaintiff’s damages.
Defendant does not dispute its misfeasance. It takes the position that since the subject abstract was ordered for the purpose of foreclosure, plaintiff’s damages herein could not reasonably have been anticipated.
However, plaintiff fully expected to rely upon the accuracy and exactness of defendant’s abstract. Defendant knew, or should have known, that plaintiff intended to so rely. And if, based upon such expectation of accuracy and reliance thereon, he sustained damages no matter under what circumstances, defendant is liable for the recovery thereof.
Were the damages foreseeable? The court is of the opinion that they were within the scope of the original risk and thus foreseeable, and that their occurrence cast the defendant in liability. The court also finds on all the circumstances of this case that the consequences of defendant’s misfeasance were neither extraordinary nor surprising in the light of ordinary experiences.
It is also contended by the defendant that plaintiff’s failure to comply with the provisions of the agreement reflected in the Certificate of Title Liability attached to the report of search absolves it from liability to the plaintiff for its damages.
Seriatim, they are as follows:
1. Plaintiff’s failure to pay the charges within five days from the date of the report.
2. Plaintiff’s failure to give defendant notice by registered mail within 10 days after discovery of the judgment lien.
3. Plaintiff’s voluntary settlement and disposal of the claim of the judgment creditor and consequent assumption of liability therefor.
4. Plaintiff’s sale of the property, thereby relieving defendant of liability.
In answering (1), above, the court finds said defense insufficient in law on the theory that defendant is liable in tort for -misperformanee of the contract since there would have been liability for gratuitous performance without the contract. Moreover, defendant accepted payment for its services, although rather belatedly and “ without prejudice.”
*721 In considering (2), above, the court finds the same specious since there was testimony from both litigants that defendant had been personally apprized of the existence of the judgment by April 20, 1964.
In considering (3), above, the court finds that plaintiff did not voluntarily settle and dispose of the claim of the judgment creditor, but rather was constrained to do so to avoid being placed in default of the provisions of his contract to sell the property and convey title free and clear of the judgment. The many conferences between the parties clearly indicate, ipso facto, that plaintiff did not assume liability for the claim.
In considering (4), above, the court finds that the agreement to sell the property was executed prior to the discovery of the judgment; it was already a fait accompli in reliance upon the authenticity of defendant’s search. Moreover, the court is of the opinion that this provision serves to absolve the defendant of liability to assignees or transferees of the property, not to plaintiff.
The final argument advanced by the defendant is that its liability is limited to the sum of $1,000 as provided for in the Certificate of Title Liability. This provision would have effect had plaintiff elected to pursue his remedy for breach of contract, in which event the damages recoverable would have been limited to those within the contemplation of the defendant as provided for in the certificate. In the cause pursued by the plaintiff, the only limitations are those of 11 proximate cause.”
On this record, the court finds that plaintiff has proved his case by a fair preponderance of the credible evidence.
With respect to defendant’s counterclaim, the court dismisses same without prejudice but with costs since the named party plaintiff in this action appears not to be the party liable therefor.
Let judgment be entered in favor of the plaintiff on his cause of action and against the defendant on its counterclaim.